FILED ENTERED
LODGED RECEIVED
MAY 29 2013
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YVONNE HICKMAN

Plaintiff,

v

Civil Action No. JKB-13-1284

PRESIDENT B.H. OBAMA,
HONERABLE ERIC HOLDER,
HONORABLE ROBERT MUELLER,
HONORABLE ERIC SHINSEKI,
HONORABLE JAMES E. GRAHAM,[1]

Defendants.

## MEMORANDUM

Yvonne Hickman ("Hickman"), a self-represented plaintiff, brings this action for $8 million in damages against defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(a) ("RICO") for "failing to act and prevent injustice for political reasons and obstruction of justice." (ECF No. 1, p. 2). Hickman states her complaint "involves due process violation and unequal protection of laws." *Id.*

Hickman claims she was falsely arrested and imprisoned twice and "conspired against under the family violence act [sic]." Additionally she alleges she is a victim of false police reporting, was illegally banned from her marital home, and her signature was forged by "those who are sworn to serve and protect the public."[2] *See id.* p. 4. After reviewing plaintiff's motion to proceed in forma pauperis and the complaint, the court will grant Hickman's motion to proceed as an indigent and summarily dismiss the complaint.

---

[1] The Honorable James Graham is a magistrate judge in the Southern District of Georgia.

[2] To the extent Hickman is attempting to present claims on behalf of her husband, she demonstrates no standing to do so. Accordingly, these claims will not be further considered here.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[3]

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## DISCUSSION

Plaintiff's civil RICO claim fails because the complaint does not properly allege the elements of a RICO violation. A plaintiff seeking civil damages under RICO must allege and prove four elements: "(1) conduct [causing injury to business or property], (2) of an enterprise,

---

[3] The Honorable James E Graham may also be dismissed from this action based on judicial immunity. *See In re Mills*, 287 Fed. Appx. 273, 279 (4th Cir. 2008) ("Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims," citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

(3) through a pattern, (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496 (1995). Plaintiff alleges only personal injuries and RICO is not available for the redress of purely personal injuries. *See Drake v. B.F. Goodrich Company*, 782 F.2d 638, 644 (6th Cir. 1986). Furthermore, a RICO claim may not be based on allegations of civil rights violations. *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997). Rather, "[e]nacted to strengthen criminal and civil remedies against organized crime, RICO provides a private right of action for any person 'injured in his business or property by reason of a violation of its substantive prohibitions.' " *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c). To the extent Hickman generally refers to due process and equal protection, her statement is clearly insufficient to give defendants notice of the claims she is attempting to assert against them and will be dismissed without prejudice.

## CONCLUSION

For these reasons, Hickman's claims will be dismissed without prejudice. A separate order follows.

DATED this 28 day of May, 2013.

BY THE COURT:

James K. Bredar
United States District Judge